**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-0608-WJM-KLM
*Consolidated with Civil Action No. 22-cv-1358-MEH*

SUZY DENNIS,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO,
PAUL PAZEN, in his individual capacity,
JOHN AND JANE DOES 1–5, in their individual capacities,
JEFFERSON COUNTY, COLORADO,
JEFF SHRADER, in his individual capacity,
ANTHONY BROWN, in his individual capacity,
GEOFFREY VOGEL, in his individual capacity,
NATHANIEL NEDIG, in his individual capacity,
MICHAEL PITTON, in his individual capacity,
ANTHONY HAMILTON, in his individual capacity,
JORDAN BYBEE, in his individual capacity,
RYAN COLLEY, in his individual capacity,
DEAN MORETTI, in his individual capacity,
CITY OF ARVADA, and
CITY OF GOLDEN,

      Defendants.

---

## ORDER CONSOLIDATING CASES

---

Before the Court is Plaintiff Suzy Dennis's Unopposed Motion to Join Related Case 22-cv-01358-MEH with This Case Pursuant to F.R.C.P. 20 ("Motion"), which seeks to join Civil Action No. 22-cv-1358-MEH with this Action.  (ECF No. 73.)  Though Plaintiff cites to Federal Rule of Civil Procedure 20(a)(2), the Court construes the Motion as a motion to consolidate under Rule 42(a)(2).  For the reasons explained below, the Motion is granted.

Rule 42(a)(2) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court.  *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004).

On March 12, 2022, Plaintiff filed this Action against the City and County of Denver, Jefferson County, the City of Arvada, the City of Edgewater, the City of Golden, and multiple named and unnamed individuals employed as law enforcement officers by these government defendants (collectively, "Defendants") alleging violation of her civil rights under the First, Fourth, and Fourteenth Amendments.  (ECF No. 1.)  These claims arise from injuries Plaintiff allegedly sustained while protesting in downtown Denver in May of 2020 when law enforcement fired rubber bullets into the crowd.  (*Id.*)  The City of Arvada and City of Edgewater filed answers to the then-operative Second Amended Complaint ("SAC") (ECF No. 33).  (ECF Nos. 34, 35.)  Denver Police Chief Paul Pazen, the City and County of Denver, and the City of Golden filed motions to dismiss the SAC.  (ECF Nos. 37, 39, 43.)  The Third Amended Complaint is now the operative complaint.  (ECF No. 80.)

On May 31, 2022, Plaintiff filed Civil Action No. 22-cv-1358-MEH against Anthony Brown, Geoffrey Vogel, Nathaniel Nedig, Timothy Steginik, Michael Pitton, Anthony Hamilton, Jordan Bybee, Ryan Colley, and Dean Moretti alleging negligence and

violation of her civil rights under the First, Fourth, and Fourteenth Amendments.  Civil

Action No. 22-cv-1358-MEH (D. Colo.), ECF No. 1.  Except for the negligence claim and

certain factual allegations, the Complaint in Civil Action No. 22-cv-1358-MEH is virtually

identical to the First Amended Complaint, which was the operative complaint in this

Action at the time Plaintiff's later action was filed.  (*Compare id.*, *with* ECF No. 10.)

Plaintiff asserts, and Defendants do not contest, that "there will be common

questions of law and fact" between the two actions that favor consolidation.  (ECF No.

73 at 2.)

Accordingly, for the reasons stated above, the Court ORDERS as follows:

1.    Plaintiff Suzy Dennis's Unopposed Motion to Join Related Case 22-cv-1358-MEH

with This Case Pursuant to F.R.C.P. 20 (ECF No. 73), construed as a motion to

consolidate, is GRANTED;

2.    In accordance with the Court's inherent power to control its docket, and in

accordance with Federal Rule of Civil Procedure 42(a), Civil Action No. 22-cv-

1358-MEH is CONSOLIDATED with the above-captioned action;

3.    The above-captioned action shall be the lead case and all future filings shall be

made in this action ONLY;

4.    The Clerk shall re-docket the Complaint (ECF No. 1), the Motion to Dismiss

Complaint and Jury Demand (ECF No. 10), and the Motion to Stay Discovery

and Vacate Scheduling Conference (ECF No. 16) from Civil Action No. 22-cv-

1358-MEH onto the above-captioned docket;

5.    Pursuant to D.C.COLO.LCivR 40.1(d)(4)(C), the Clerk is DIRECTED to reassign

Civil Action No. 22-cv-1358-MEH to the undersigned and to United States

Magistrate Judge Kristen L. Mix in the referral role;

6.      The parties shall update their captions as shown in the caption of this Order; and

7.      A copy of this Order shall be docketed in Civil Action No. 22-cv-1358-MEH.

Dated this 7th day of October, 2022.

BY THE COURT:

William J. Martinez
United States District Judge